UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

JOAN S. PETZEN,

                Plaintiff,

   v.                                              **ORDER**
                                                     12-CV-1185S

CONNECTICUT GENERAL LIFE INSURANCE
COMPANY,

                Defendant.

1.    Plaintiff Joan Petzen brings this action against Defendant Connecticut General Life Insurance Company ("CGLIC") for payment of life insurance benefits in the amount of $130,000 she claims are owed to her following the death of her husband, Stephen Petzen. Mrs. Petzen is the beneficiary of the policy held by CGLIC, and she maintains that CGLIC breached the insurance contract, acted in bad faith, and violated the Employee Retirement Income Security Act of 1974 ("ERISA") when it denied her full coverage for Mr. Petzen's death.

2.    CGLIC denies the claims and contends that Mrs. Petzen is not entitled to life insurance benefits in excess of the guaranteed issue amount of $20,000, because Mr. Petzen failed to disclose a change in health between the time the application for insurance was completed and the effective coverage date.

3.    The parties now move for summary judgment. Each contends that there are no material issues of disputed fact, and each seeks judgment as a matter of law. These motions are dismissed without prejudice, and the parties are given until October 17, 2014 to resubmit motions that address the deficiencies noted below.

4.     This action involves citizens of different states, yet neither party has addressed which state's law applies. Plaintiff, who has cited to decisions from New York courts and federal district courts within New York state only, appears to assume New York law applies. Defendant characterizes all of Plaintiff's citations as misplaced, but the reasons for its position are not entirely clear. Thus, it is not at all certain that there is agreement as to choice of law.

5.     Most egregious is Defendant's request for judgment as a matter of law based on a "Memorandum of Law" that contains <u>no</u> applicable substantive law whatsoever.[1] Even in its response and reply memoranda, Defendant simply recites Plaintiff's citations and declares them each misplaced, with only cursory reasoning and no countervailing citations.

6.     The gravamen of this action involves an alleged change in Mr. Petzen's health between the date the Petzens applied for life insurance and the date certain coverage became effective. The application for coverage contained the following language: "I understand that I am responsible to report to the insurance company any change in my health prior to my coverage effective date, and that no coverage will be effective unless I meet the insurance company's underwriting requirements on the effective date." (R. 637-38.)

7.     Neither party discusses whether a duty to report a change in health is addressed in the applicable state's insurance laws or relevant caselaw. Plaintiff simply urges that the term "change in health" is ambiguous and should be construed in her favor.

8.     Nor does either party discuss what effect, if any, would attach to the failure to

---

[1] Defendant provides case citations with respect to the standard of review the Court should apply, but nothing in support of its purported entitlement to judgment in its favor.

report a change in health if the change did not impact the individual's ability to meet the underwriting requirements. Defendant simply states, without explanation or citation, that the materiality of the change is not an issue in this case.

9.	Neither party can be awarded judgment as a matter of law absent well-supported arguments addressing the fundamental legal issues in this case.

IT HEREBY IS ORDERED that Plaintiff's Motion for Summary Judgment (Docket No. 13) is DENIED WITHOUT PREJUDICE;

FURTHER that Defendant's Motion for Summary Judgment (Docket No. 14) is DENIED WITHOUT PREJUDICE;

FURTHER that the parties have until October 17, 2014 to move for summary judgment consistent with this Order.

FURTHER that responses are due no later than November 14, 2014, and replies no later than December 1, 2014.

SO ORDERED.


Dated	August 30, 2014
	Buffalo, New York

/s/William M. Skretny
WILLIAM M. SKRETNY
Chief Judge
United States District Court